Valentine, J.
The petition in the court below alleges that the defendants “executed a certain written instrument,” which is given in full as an exhibit to the petition and made a part thereof, which written instrument is in effect an official bond of said Neal as justice of the peace, executed by the said three defendants. Said petition also alleges that said Neal entered upon the duties of the office of justice of the peace. Said petition also alleges that the plaintiff recovered a judgment before H. J. Ransom, another justice of the peace of the same township, against said Neal, as justice of the peace, for $121.16, with interest and costs, “for a failure by the said Neal to pay over said money which came into his hands as justice of the *197 peace,” and that execution was issued on said judgment, and returned unsatisfied. The said judgment, and all the proceedings connected therewith, are also set out in full as an exhibit to said petition, and made a part thereof. The defendants demurred to said petition on three grounds — B'irst, that the district court had no jurisdiction of the subject-matter of the action; second, there was a defect of parties defendant; third, the petition did not state facts sufficient to constitute a cause of action. The court below overruled this demurrer, and then rendered judgment for the plaintiff and against the defendants for the sum of $123.96, and costs. The defendants below, as plaintiffs in error, now bring the case to this court.
We suppose the only question really in the case is whether the petition below states facts sufficient to constitute a cause of action. Does it state facts sufficient to constitute a cause of action aside from and independent of said judgment? Does it state facts sufficient to constitute a cause of action, taking into consideration said judgment? We must answer both of these questions in the *negative. The plaintiff did not allege in his petition that the defendant Neal collected money for the plaintiff in his official capacity, and then refused on demand to pay it over to the plaintiff; but he simply alleged that the plaintiff obtained a judgment against said Neal to that effect. The petition did not tender any issue as to whether the defendant Neal ever in fact collected .any money for the plaintiff or not, or ever in fact refused to pay it to the plaintiff or not; but the issue tendered was simply whether a certain judgment had ever been rendered or not. If the defendants had filed an answer denying all the allegations of the plaintiff’s petition, they would not have thereby denied that the defendant Neal •ever collected any money for the plaintiff, or that he ever refused to pay it over to the plaintiff, (for these were not alleged in the petition;) but they would have denied simply that the plaintiff ever obtained any such judgment as he alleged he did. Therefore, unless we take into consideration said judgment, the petition certainly does not state facts sufficient to constitute a cause of action.
But if we do take into consideration said judgment, then does the petition allege facts sufficient to constitute a cause of action ? Is .said judgment valid? Has one justice of the peace the power to hear and determine the question whether another justice of the peace has collected money in his official capacity, and refused on demand to pay it over to the person entitled thereto ? This is the main, in fact the only real, question in the case. There is no provision in the statutes that specifically gives one justice of the peace the power to adjudicate upon the official misconduct of another justice of the jieace, but there is a statute that specifically prohibits the same. Section 8 of the justices’ act provides that “justices shall not have oognizanee of any action; * * * third, in actions against justices of the peace or other officers, for misconduct in office, except in the *198 eases provided for in this act.” Gen. St. 776. Among “the cases. provided for in this act,” as above mentioned, is the power of a justice “to proceed against constables failing *to make return, making false return, or failing to pay over money collected on execution issued by such justice.” Gen. St. 775, § 2, sub. 9. But the power of one justice to proceed against another justice for official misconduct is not one of “the cases provided for in this act.” Subdivisions first and second of section 136 of the justices’ act (Gen. St. 803) would seem to recognize judgments rendered by one justice against another for official misconduct; but still these subdivisions do not pretend to authorize the same to be done, and the whole of the article in which they are contained relates merely to stay of execution. Section 4 of the justices’ act gives a justice of the peace jurisdiction “in actions founded upon an undertaking given in pursuance of law in any civil proceeding pending before a justice, ” but does not attempt to give jurisdiction to a justice of the peace in actions founded upon an official bond. It is scarcely possible that any one should claim that a justice of the peace may collect money in his official capacity, and refuse to pay it over to the person entitled to the same, without committing official misconduct, or, as expressed in the statute, “misconduct in office.” If such a thing ■is official misconduct, then another justice is prohibited from taking cognizance of the same. Section 8, justices’ act. But if it is not official misconduct, then we have the strange and anomalous condition of things: a justice and his sureties becoming liable on an official bond for misconduct which is not official misconduct; and the equally strange and anomalous condition of things: an official bond being given by a justice and his sureties upon which no cause of action for official misconduct — “misconduct in office” — can ever accrue. Under the statutes of this state the justice and his sureties simply give bond “to pay, on demand, to each and every person who may be entitled thereto, all such sums of money as the said justice may become liable to pay on account of any moneys which may come into his hands by virtue of his office.” Gen. St. 1086, § 19. Is it possible that the justice may violate this bond without committing “misconduct in office?”
*We think the judgment rendered by Justice Ransom against Justice Neal is void, because Justice Ransom had no jurisdiction over the subject-matter of the action; and therefore the petition below does not state facts sufficient to constitute a cause of action, and therefore the judgment of the court below, and the order overruling said demurrer, must be reversed, and cause remanded for further proceedings.
(All the justices concurring.)